1
2
3
4
5
6
7                            **UNITED STATES DISTRICT COURT**
8                                   **DISTRICT OF NEVADA**

9
10  U.S. BANK TRUST, N.A.,            )      Case No. 2:16-cv-02938-JAD-NJK
11            Plaintiff(s),     )
                                    )      REPORT AND RECOMMENDATION
12  vs.                            )
                                    )
13  OPERTURE, INC.,              )
                                    )
14           Defendant(s).    )

15         Defendant is a corporate entity attempting to participate in this litigation without an attorney.

16  Docket No. 7 (answer).  On February 3, 2017, the Court ordered Defendant to retain an attorney and to

17  have that attorney file, no later than February 17, 2017, a notice of appearance.  Docket No. 8.  The

18  Court warned that "**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN**

19  **SANCTIONS, UP TO AND INCLUDING CASE-DISPOSITIVE SANCTIONS.**"  *Id.* (emphasis

20  in original).  Defendant did not comply.

21         As a result, on March 6, 2017, the Court ordered Defendant to show cause in writing, no later

22  than March 20, 2017, why default judgment should not be entered against it. Docket No. 9.  Defendant

23  did not comply.

24         The willful failure of Defendant to comply with the Court's orders is an abusive litigation

25  practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the

26  Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the

27  Court's orders and the orderly administration of justice.  Sanctions less drastic than default judgment

28  are unavailable because Defendant wilfully refused to comply with multiple court orders despite the

warning that case-dispositive sanctions may result.  Moreover, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation since corporations may not appear in federal court without licensed counsel.  *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam).

Accordingly, the undersigned hereby **RECOMMENDS** that default judgment be entered against Defendant.

DATED:   March 24, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).