||||
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, <br><br> Plaintiff <br><br> v. <br><br> Operture, Inc., <br><br> Defendant | 2:16-cv-02938-JAD-NJK <br><br> **Order Denying Plaintiff's Motion for Attorneys' Fees and Costs** <br><br> [ECF No. 17] |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

In this action for quiet title, unjust enrichment, and a preliminary injunction,[1] plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, moves for attorneys' fees and costs after default judgment was entered against defendant Operture, Inc.[2] But U.S. Bank's motion fails to comply with Local Rules 54-1 and 54-14, so I deny it without prejudice to U.S. Bank's ability to file a new motion that complies with the local rules.

## Discussion

**A.    Attorneys' fees and costs**

U.S. Bank requests $5,654.50 in attorneys' fees and $1,045.50 in costs.[3] NRS § 18.010(b) permits an award of attorneys' fees to a prevailing party "when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party."[4] And NRS § 18.020 permits an award of costs to a prevailing party in a claim for the return of real property or of a "possessory

---

[1] ECF No. 1 at 1.

[2] ECF No. 17.

[3] ECF 17 at 9.

[4] NEV. REV. STAT. § 18.010(b) (2015).

right" in real property.[5] But, because U.S. Bank fails to satisfy the Local Rules, I can award neither fees nor costs at this time.

U.S. Bank's request for attorneys' fees includes only the total amount sought and an analysis of the factors that the Nevada Supreme Court adopted in *Brunzell v. Golden Gate National Bank*[6] for evaluating the reasonableness of attorneys' fees.[7] Local Rule 54-14, however, requires that "[a] reasonable itemization and description of the work performed" be included when attempting to recover attorneys' fees.[8] An itemization and description of the work performed is absent from the fees requested. U.S. Bank therefore fails to comply with Local Rule 54-14, and I deny its request. Local Rule 54-1 similarly requires a prevailing party requesting costs to file an itemized bill of costs and disbursements.[9] Although U.S. Bank refers to a "Memorandum of Costs and Disbursements filed concurrently" with this motion,[10] no such memorandum was actually filed.[11] So, because an itemization of costs is absent, I also deny the request for costs.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that U.S. Bank's motion for attorneys' fees and costs **[ECF No. 17] is denied without prejudice** to its ability to file a new motion that complies with the Local Rules.

DATED: November 22, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] Nev. Rev. Stat. § 18.020(1) (2015).

[6] *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31 (Nev. 1969).

[7] *Id.* at 33; ECF No. 17 at 3–9.

[8] *See* LR 54-14(b)(1).

[9] *See* LR 54-1(b).

[10] ECF No. 17 at 8.

[11] *See generally* docket report, case no. 2:16-cv-02938-JAD-NJK.